## CAJIGAS *v.* SUCCESSION OF PRATS.

### APPEAL from the District Court of Mayagüez.

No. 19.—Decided February 12, 1904.

CONTRACTS—OBLIGATIONS—CONTRACTING PARTIES.—Obligations growing out of contracts are of legal force between the contracting parties and must be fulfilled in accordance with their stipulations.

ID.—OBLIGATIONS—WHEN DEMANDABLE.—Obligations which have a fixed period for their fulfillment are demandable from the time such period expires.

ID.—FULFILLMENT OF OBLIGATIONS—DELAY—INDEMNITY—INTEREST.—Parties who are guilty of delay in the fulfillment of obligations are liable to an indemnity for losses and damages, and such indemnity shall consist in the payment of the interest agreed upon, or, in the absence of an agreement, of legal interest, in cases in which the obligation consists in the payment of a specific sum of money.

HEIRS—CREDITORS.—Heirs succeed the deceased in all his rights and actions, and the creditors of the latter may present their claims against any of the former.

PARTIES—PROOF OF CONFESSION.—When a party has been twice summoned to answer questions without having appeared or pleaded any just cause for his neglect or failure to do so, he is properly held to have made a confession.

COSTS.—Costs should be imposed upon the litigant whose claims are wholly rejected.

LEGATEES—HEIRS—VOLUNTARY TESTAMENTARY PROCEEDING—LIQUIDATION OF THE ESTATE.—The legatees of an aliquot part of the estate are not obligatory parties in the proceedings instituted by the heirs of the deceased, inasmuch as they do not have the latter's representation, which pertains exclusively to the heirs, without prejudice to the right of the legatees to institute voluntary testamentary proceedings and to intervene in the liquidation of the estate.

Apelación.—Subsanación de Faltas.—Las faltas cuya subsanación no se hubiere solicitado oportunamente, se estimarán consentidas y no pueden constituir motivo de revocación de la sentencia apelada.

EXPOSICIÓN DEL CASO.

En los autos del juicio declarativo seguido en el Tribunal de Distrito de Mayagüez en cobro de pesos, entre partes, de la una Don José Cajigas, como demandante, representado por su abogado defensor Don Francisco Pelegrí, y de la otra, como demandada, la Sucesión de Don Rosendo Prats Freixas, que la componen su viuda, Doña Rosa Vidal; su hija, Doña Esperanza Prats; los menores, Doña Isabel, Doña Elena y D. Jaime, hijos de D. Rosendo Prats y Padilla, á quienes representa su madre, Doña Celeste Jaquot; y los hijos naturales reconocidos, D. Francisco y D. Eugenio Prats, representados y defendidos, los primeros, por su abogado defensor, D. Luis Campillo y Abrahams, habiendo sido declarados los dos últimos en rebeldía; autos que penden ante *nos* á virtud del recurso de casación por quebrantamiento de forma, hoy de apelación, interpuesto por la representación de los demandados, Doña Rosa Vidal, Doña Esperanza Prats y Doña Celeste Jaquot, y por Doña Ofelia Lopez, contra la sentencia dictada por dicho Tribunal de Distrito, en 31 de Julio de 1901, que transcrita á la letra dice así:

"*Sentencia.*—En la ciudad de Mayagüez á 31 de Julio de mil novecientos uno, los Señores D. Arturo Aponte y Rodriguez, Juez Presidente; Mr. James A. Erwin, Asociado, y D. Luis Mendez Vas, suplente, que componen el Tribunal de Distrito de la misma.

*Visto* ante el Tribunal de Distrito este pleito seguido entre partes de una el Licenciado D. Juan Vazquez y posteriormente el Letrado Don Francisco Pelegrí en representación de D. José Cajigas, de este domicilio, profesión industrial, como demandante; y de la otra el Licenciado D. Luis Campillo en representación de Doña Rosa Vidal, Doña Esperanza Prats y Doña Celeste Jaquot, viuda de Prats, y en su carácter de representante de sus menores hijos legítimos, las

APPEAL—CORRECTION OF ERRORS.—Errors, the correction of which has not been
applied for at the proper time, shall be considered as assented to and can-
not constitute a ground for the reversal of the judgment appealed from.

## STATEMENT OF THE CASE.

In the matter of a declaratory action prosecuted in the
District Court of Mayagüez for the recovery of money, be-
tween José Cajigas, as plaintiff, represented by Francisco
Pelegrí, attorney at law, and, as defendant, the Sucession of
Rosendo Prats Freixas, consisting of his widow, Rosa Vidal,
his daughter, Esperanza Prats, the infants, Isabel, Elena and
Jaime, children of Rosendo Prats Padilla, represented by
their mother, Celeste Jaquot, and the acknowledged natural
children, Francisco and Eugenio Prats, the former represent-
ed and defended by their counsel, Luis Campillo y Abraham,
the last two having been declared in default; which case is
pending before us on appeal in cassation for error of pro-
cedure, now ordinary appeal, taken by counsel for the defend-
ants, Rosa Vidal, Esperanza Prats and Celeste Jaquot, and by
Ofelia López, from the judgment rendered by said District
Court July 31, 1901, which reads as follows:

"Judgment.—In the city of Mayagüez, July 31, 1901, Arturo
Aponte y Rodríguez, presiding judge, James A. Erwin, associate
judge, and Luis Méndez Vaz, supplementary judge, composing the
District Court thereof.

"This action for the recovery of a sum of money prosecuted
between Juan Vázquez, attorney at law, and afterwards Francisco
Pelegrí, attorney at law, on behalf of José Cajigas, a resident of this
city, engaged in industrial pursuits, as plaintiff, and Luis Campillo,
attorney at law, on behalf of Rosa Vidal, Esperanza Prats and Celeste
Jaquot, widow of Prats, representing her legitimate infant children,
as defendants, the two first-mentioned being residents of this place

dos primeras de este vecindario y la tercera vecina de San Germán, como demandadas, en cobro de pesos.

*Resultando*: que el doce de Julio de 1900 el Letrado D. Juan Vazquez en representación de D. José Cajigas presentó escrito solicitando embargo preventivo contra los bienes de la sucesión de Don Rosendo Prats, el cual previa prestación de fianza hipotecaria fué despachada de cuenta y riezgo del acreedor, el 16 del mismo mes y año, llevandose á cabo el mismo día en varios bienes inmuebles de la sucesión demandada.

*Resultando*: que el propio Letrado presentó demanda el primero de Agosto de mil novecientos, en el correspondiente juicio declarativo, interesando se condenase á la sucesión demandada al pago de cuatro milquinientos ochenta y un pesos, intereses y costas, suplicando á la vez se ratificase el embargo preventivo á que se refiere el resultando anterior.

*Resultando*: que conferido traslado á los demandados se personó el Letrado Don Luis Campillo en representación de Doña Rosa Vidal, Doña Esperanza Prats y Doña Celeste Jaquot en representación de sus menores hijos, solicitando se les absolviese de la demanda con la imposición de las costas al demandante, en atención á no haber sido citados Doña Ofelia y Amelia Lopez legatarias de parte alícuota del caudal relicto.

*Resultando*: que habiéndose emplazado por edictos y por dos veces consecutivas á los herederos, Don Francisco y Eugenio Prats, cuyo domicilio se ignora, no se personaron á su debido tiempo por cuya causa se les declaró á petición del *demandado,* en rebeldía.

*Resultando*: que abierto el juicio á prueba se señaló para la comparecencia que determina la ley el diez y ocho de Mayo del año en curso, á cuyo acto concurrieron los representantes de las partes y propusieron la que creyeron conveniente á los intereses de sus representados; las que fueron declaradas pertinentes y se mandaron practicar con citación de la parte contraria señalándose para el día del juicio oral el 14 de Junio último.

*Resultando*: que en el momento del juicio oral la representación de los demandados dedujo artículo incidental de prévio y especial pronunciamiento, solicitando la nulidad de lo actuado en atención á no haber sido citados los legatarios á que se ha aludido anteriormente, el cuál fué declarado sin lugar por auto motivado del Tribunal.

*Resultando*: que no habiendo concurrido los demandados á reco-

and the last residing in San Germán, has been duly heard before the district court.

"On July 12, 1900, José Cajigas, through his counsel, Juan Vázquez, filed a petition requesting a writ of cautionary attachment against the estate of Rosendo Prats, which, upon his furnishing the necessary security, was issued for the account and at the risk of the creditor, on the 16th of said month and year, and levied the same day on several pieces of real property of the party defendant.

"On August 1, 1900, said counsel brought the proper declaratory action for the purpose of having the defendant adjudged to pay four thousand five hundred and eighty-one *pesos,* interest and costs, and praying at the same time that the cautionary attachment referred to above be ratified.

"Notice of said action having been served upon the defendant, Luis Campillo, attorney at law, appeared on behalf of Rosa Vidal, Esperanza Prats and Celeste Jaquot, as the representative of her minor children, and prayed that the complaint be dismissed with costs against the plaintiff, inasmuch as Ofelia and Amelia López, legatees of an aliquot part of the estate, had not been summoned.

"The heirs, Francisco and Eugenio Prats, whose domicile is unknown, having been summoned by publication twice in succession, and failing to appear in time, on motion of the plaintiff were declared in default.

"The offering of evidence having been set for May 18, of the same year, both parties appeared and submitted such evidence as was deemed favorable to their respective claims, which, being considered pertinent, they were cited for the oral trial to take place on the 14th of June last.

"At the oral trial counsel for defendants moved that the proceedings so far had be declared void, inasmuch as the legatees hereinbefore mentioned had not been summoned to appear, which motion was overruled by the court in an order setting forth the reasons upon which it was based.

"The defendants having failed to appear at the oral trial to iden-

nocer en el momento del juicio oral la legitimidad de las firmas que obran al piè de los documentos así como la autenticidad de los vales y certeza de la deuda, el actor solicitó se suspendiese el juicio y se citase nuevamente á los herederos bajo apercibimiento de ser declarados confesos, accediendo el Tribunal á esta petición y suspendiéndose en su consecuencia el juicio.

*Resultando*: que señalado nuevamente el juicio para el 20 del corriente, tampoco comparecieron los demandados al reconocimiento que se interesaba en cuya virtud el actor solicitó se les declarara confesos, siendo examinado seguidamente el perito Don Alejandro Diaz el cual dictaminó que la firma que autoriza los vales que motivan esta reclamación, cotejada con otras indubitadas, era la misma que usaba Don Rosendo Prats causante de los demandados.

*Resultando*: que señalado día para la votación de la sentencia tuvo ésta lugar en el día de hoy y hora señalada la cual fué votada por unanimidad.

*Resultando*: que en este juicio se han guardado las reglas del procedimiento.

*Vistos*, siendo Juez Instructor Don Luis Mendez Vas, y

*Considerando*: que la sobligaciones que nacen de los contratos tienen fuerza de ley entre las partes contratantes y deben cumplirse á tenor de los mismos.

*Considerando*: que las obligaciones que tienen señalado día fijo son exigibles desde que el día llega.

*Considerando*: que vienen obligados á indemnizar los que en el cumplimiento de las obligaciones incurren en morosidad y que cuando la obligación consiste en el pago de una cantidad la indemnización de daños y perjuicios consistirá en el pago del interés convenido y á falta de este el interés legal.

*Considerando*: que los herederos suceden al difunto en todos sus derechos y acciones y que los acreedores de aquel pueden dirigir sus reclamaciones contra cualquiera de ellos.

*Considerando*: que citada á confesión una de las partes por dos veces consecutivas sin que comparezca ni alegue justa causa es procedente declararla confesa.

*Considerando*: que la prueba pericial queda su apreciación al arbitrio del Tribunal y en el caso presente es pertinente apreciarla favorablemente al actor.

*Considerando*: que el litigante cuyas pretensiones sean totalmente desestimadas debe ser condenado en costas.

tify the signatures at the bottom of the documents and testify as to the authenticity of the promissory notes and certainty of the debt, plaintiff asked that the proceedings be suspended and the heirs be again summoned and warned to appear or be considered as admitting the facts as stated in the complaint, which petition was acceded to by the court, and the trial suspended in conformity therewith.

"The 20th of July having been again fixed for the holding of the trial, defendants again failed to appear for the above-mentioned purpose, whereupon plaintiff prayed that they be declared to have admitted the facts of the complaint, and immediately thereafter the expert witness, Alejandro Díaz, being examined, testified that the signature authorizing the promissory notes which gave rise to the claim, upon comparison with others of undoubted authenticity, was the same used by Rosendo Prats, from whom the defendant inherited.

"A day having been set for the voting of the judgment, it took place this day at the appointed hour, said judgment being unanimously approved.

"In the conduct of this trial the rules of procedure have been observed.

"Luis Méndez Vaz delivered the opinion of the court, as follows:

"Obligations arising from contracts have legal force between the contracting parties, and must be fulfilled in accordance with their stipulations.

"Obligations, the fulfillment of which has been fixed for a day certain, shall be demanded when the proper day arrives.

"Those who are guilty of delay in fulfilling their obligations are bound to indemnify, and when the obligation consists in the payment of a sum of money, the indemnity for losses and damages shall consist in the payment of the interest agreed upon, and should there be no agreement, in that of the legal interest.

"Heirs succeed the deceased in all his rights and actions, and the creditors of the latter may direct their claims against any of the former.

"Should any party who has been twice summoned to answer questions put by the opposite party fail to appear or show good cause for non-appearance, his absence shall be taken as a confession.

"The weighing of expert evidence is left to the discretion of the court, and in the present case it should be considered as being favorable to the plaintiff.

*Vistos* los Artículos 661, 1084, 1089, 1091, 1101, 1108, 1125 y demás de aplicación del Código Civil, 592, 609 y siguientes de la Ley de Enjuiciamiento Civil y la Orden General número 118.

*Fallamos*: que debemos declarar y declaramos con lugar la presente demanda y en su consecuencia condenamos á los demandados al pago de la cantidad reclamada, sus intereses legales desde la interposición de la demanda y las costas de este juicio.

Asi por esta nuestra sentencia, definitivamente juzgando lo pronunciamos, mandamos y firmamos: Arturo Aponte, J. A. Erwin, Luis Mendez Vas                                    •

*Resultando*: que contra esta sentencia interpuso la representación de Doña Rosa Vidal, Doña Esperanza Prats y su esposo, Don Miguel Casanova; Doña Celeste Jaquot, en representación de sus hijos menores, y de Doña Ofelia Lopez, recurso de casación por quebrantamiento de forma, como comprendido en los casos 1 y 4 del Artículo 1691 de la ley de Enjuiciamiento Civil, por no haber sido emplazadas Doña Amelia y Doña Ofelia Lopez para contestar la demanda, como debieron serlo por formar parte de la sucesión de Don Rosendo Prats, como legatario de parte alícuota del caudal, por no haber notificado en Estrados á los rebeldes, Don Francisco y Don Eugenio Prats, el auto del fólio 102 vuelto, convocando á las partes para la promoción de pruebas, ni el del fólio 108 vuelto y por no haberseles citado para la práctica de la prueba propuesta y admitida, ni para el juicio oral, ni para la sentencia, como debieron serlo ántes de la votación de la misma; y que admitido dicho recurso y elevados los autos á esta Superioridad, con citación y emplazamiento de las partes; personadas éstas y subsanado el defecto anotado de la falta de notificación de la sentencia definitiva á los demandados rebeldes Don Francisco y Don Eugenio Prats, como se verificó por edictos publicados en los periódicos de la localidad, se dió á los autos la tramitación marcada por la ley de la Asamblea Legislativa de esta Isla, transformando esta Corte Suprema en Tribunal de Apelación, y señalado día para la vista, con

"Costs shall always be paid by the litigant who loses his case on all points.

"Having examined articles 661, 1084, 1089, 1091, 1101, 1108, 1125 and other applicable articles of the Civil Code, articles 592, 609 *et seq.* of the Law of Civil Procedure, and General Order No. 118, we adjudge that we should sustain and do sustain the complaint and accordingly defendants are condemned to pay the sum claimed, with legal interest from the date of the institution of the suit, and costs of this trial.

"Thus, by this our decision, finally adjudging, do we pronounce, order and sign: Arturo Aponte, J. A. Erwin, Luis Méndez Vaz."

From this judgment the representatives of Rosa Vidal, Esperanza Prats and her husband, Miguel Casanova, and Celeste Jaquot, on behalf of her minor children and of Ofelia López, entered an appeal in cassation for error of procedure, under paragraphs 1 and 4 of article 1691 of the Law of Civil Procedure, because Amelia and Ofelia López had not been cited to answer the complaint, as they should have been, inasmuch as they formed part of the Succession of Rosendo Prats, as legatees of an aliquot part of said estate, nor had notice been given in court to the parties in default, Francisco and Eugenio Prats, of the order summoning the parties for the proffer of evidence found at folio 102, reverse side, nor of that found at folio 108, reverse side; nor had they been cited for the taking of the evidence offered and admitted, nor for the oral trial or judgment, as should have been done before the rendition thereof. The appeal being admitted, the record of the case was sent up to this Supreme Court, the parties being summoned to appear, and after correcting the omission of notice of the final judgment to the defendants in default, Francisco and Eugenio Prats, which was done by publication in the local papers, the proceedings took place in conformity with the provisions of an act of the Legislative Assembly of this Island establishing the Supreme Court of Porto Rico as a court of appeals, a day was set for the hearing, and after

citación de las partes, se verificó dicho acto con asistencia del abogado defensor de la parte apelada.

Abogado de los apelantes: *Sr. Vazquez* (Fernando).

Abogado del apelado: *Sr. Alvarez Nava.*

EL JUEZ PRESIDENTE SR. QUIÑONES, después de exponer los hechos anteriores, emitió la opinión del Tribunal.

Aceptando los fundamentos de hecho y de derecho de la sentencia apelada, y

*Considerando*: además, en cuanto á la falta de citación y emplazamiento para este juicio de Doña Ofelia y Doña Amelia Lopez, que los legatarios de parte alícuota del caudal no son parte obligada en los juicios que se promuevan por los acreedores para el pago de las deudas pendientes del finado, puesto que la ley no les atribuye la representación de éste, la que exclusivamente compete á los heredero, sin perjuicio del derecho de dichos legatarios para intervenir en la liquidación del caudal relicto, con cuyo objeto pueden ejercitar la facultad que les concede el Artículo 1038 de la Ley de Enjuiciamiento Civil de promover el juicio voluntario de testamentaría.

*Considerando*: en cuanto á las faltas de notificación y citación de los demandados, Don Francisco y D. Eugenio Prats, respecto de los cuales se declaró contestada la demanda en rebeldía y han continuado en este estado, que no habiéndose pedido oportunamente por los apelantes la subsanación de las faltas cometidas, como pudieron hacerlo en el acto del juicio oral, según lo hicieron para subsanar la falta de citación de los otros legatarios, Doña Ofelia y Doña Amelia Lopez, deben estimarse consentidas, y no pueden prevalerse de ellas los apelantes para pedir la revocación de la sentencia apelada.

*Vistas* las disposiciones legales citadas en dicha sentencia.

*Fallamos*: que debemos confirmar y confirmamos la sentencia apelada, con las costas de esta segunda instancia á los apelantes.

citing the parties said hearing took place, counsel for respondent being present.

*Mr. Vázquez (Fernando),* for appellant.

*Mr. Alvarez Nava,* for respondent.

MR. CHIEF JUSTICE · QUIÑONES, after making the above statement of facts, delivered the opinion of the court.

The findings of fact and conclusions of law contained in the judgment appealed from are accepted.

Moreover, as to the failure to cite Ofelia and Amelia López, legatees of an aliquot part of an estate, they are not necessary parties to a suit brought by creditors for the recovery of the deceased's outstanding debts, since they are not invested by the law with the representation of the latter, which exclusively appertains to the heirs, without prejudice to the rights of said legatees to intervene in the settlement of the estate, for which purpose they may institute voluntary testamentary proceedings, under article 1038 of the Law of Civil Procedure.

As to the failure to notify and cite the defendants, Francisco and Eugenio Prats, who were declared in default, and have so continued, inasmuch as appellants did not request in time the correction of this defect, which they could have done at the oral trial, as was done for the purpose of correcting the failure to cite the other legatees, Ofelia and Amelia López, the appellants must be considered as having acquiesced therein, and said omission cannot be availed of by them to request the reversal of the judgment appealed from.

Having examined the legal provisions cited in said judgment, we adjudge that we should affirm, and do affirm, the judgment appealed from, with costs of these proceedings against the appellants.

Jueces concurrentes: Sres. Hernández, Sulzbacher y Mac-Leary.

El Juez Asociado Sr. Figueras no formó Tribunal en la vista de este caso.

---

## LECLER *v.* OLIVIERI.

APELACIÓN procedente de la Corte de Distrito de Mayagüez.

No. 44.—Resuelto en Febrero 15, 1904.

NULIDAD DE ACTUACIONES.—JUICIO DECLARATIVO.—INCIDENTE.—Las peticiones de nulidad de actuaciones formuladas en un juicio ejecutivo y en el procedimiento de apremio, aún pendiente, no pueden ser materia de un juicio declarativo, debiendo serlo *en su caso,* de un incidente.

ID.—En los juicios ejeutivos no pueden promoverse otros incidentes que los que surjan de cuestiones de competencia ó de acumulación á un juicio universal.

### EXPOSICIÓN DEL CASO.

En el recurso de apelación interpuesto por Doña Guadalupe Lecler y Diendoné de Yurnet en juicio declarativo promovido por la misma ánte la Corte de Distrito de Mayagüez contra Doña Ricarda Olivieri de Capifali sobre nulidad de actuaciones, habiendo representado ánte esta Corte Suprema á la parte apelante el Letrado Don Ignacio Hidalgo.

*Resultando*: que con fecha 20 de Marzo del año próximo pasado Doña Guadalupe Lecler y Diendoné de Yurnet, representada por el Letrado Don Ignacio Hidalgo, presentó demanda ante el Tribunal de Distrito de Mayagüez, contra Doña Ricarda Olivieri y Capifali, para que prévios los trámites del juicio declarativo se dictara en su día sentencia, declarando la nulidad de todo lo actuado desde el 29 de Octubre del año anterior en un juicio ejecutivo contra ella seguido, primero por Don Joaquin Tornabells, como cesionario de Don Teófilo Olivieri, y continuado después por la

Justices Hernández, Sulzbacher and MacLeary concurred.
Mr. Justice Figueras did not sit at the hearing of this case.